UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIANO RIOS, | 1:07-CV-01643 LJO GSA HC |
| Petitioner, | |
| vs. | ORDER OF TRANSFER |
| EDMUND G. BROWN JR., | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

The instant matter was erroneously transferred to the Eastern District of California. In its order transferring the action, the Southern District found that Petitioner is challenging a judgment of conviction, in which case this Court would be the proper forum since Petitioner was convicted in Tulare

County. However, in this case, Petitioner is not challenging the underlying conviction. He is challenging the outcome of a disciplinary hearing in which Petitioner was found guilty of manufacturing alcohol. Where "the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum." Meador v. Cal. Dept. of Corr., 2003 WL 21910917 *1 (N.D.Cal.), *citing* Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973); In re Phelon, 2002 WL 31618536, *1 (N.D. Cal.); Thomas v. Hepburn, 2001 WL 505916, *1 (N.D.Cal.); McKnight v. Forman, 1997 WL 50267, *1 (N.D. Cal.). Petitioner is incarcerated at Centinela State Prison in Imperial, California, which is within the jurisdictional boundaries of the Southern District of California. See 28 U.S.C. § 84(b). Any and all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are available in Imperial County. Braden, 410 U.S. 497, 499 n.15. Therefore, in the interest of justice the petition will be transferred to the United States District Court for the Southern District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

      IT IS SO ORDERED.

**Dated:**  **November 26, 2007**     **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE